[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This was a court trial heard on April 13, 1994. The court finds the following facts:
On January 23, 1988 the plaintiff Glen Temple and his friend Curtis Maffessoli entered Michael's Cafe in East CT Page 4250 Hartford at approximately 3:30 p.m. Michael's Cafe was owned and operated by defendant Gene Lavigne. While at the cafe the plaintiff and Maffessoli sat at the bar where they each consumed approximately four beers. After about an hour they started throwing straws back and forth, and the plaintiff knocked a beer over. At some point the bartender, who was defendant Lavigne's sister, asked them to leave and she refused to serve them anymore beer. She beckoned to defendant Lavigne and he along with Robert Choate, Jr. (a/k/a "Chuck") escorted them outside. Plaintiff and Curtis then walked to their car. It was at this point that the plaintiff was grabbed from behind by Chuck. Plaintiff's arms were pinned back so that he could not defend himself, and the defendant then proceeded to punch him in the face, nose, jaw, and mouth. When he fell to the ground he was kicked in the face, arm, groin and rib cage by both the defendant and Chuck. He suffered a broken nose, four chipped teeth and several bruises. As a result of the assault he had to undergo surgery on his nose which consisted of a nasal septal reconstruction. In addition, his chipped teeth had to be ground down by a dentist. He suffered considerable pain in the nasal area, and his teeth were extremely sensitive to hot and cold for about six months.
The defendant testified that he never even touched the plaintiff. The court, however, finds his testimony was less than credible in light of plaintiff's Exhibit H. That exhibit consists of a portion of a deposition wherein defendant testified that he had picked the plaintiff up and thrown him outside, and that he had hit him in self-defense.
To be sure it is very possible that the plaintiff and Curtis were causing some sort of disturbance while they were drinking at the bar. Furthermore, it is very possible that the defendant was justified in escorting them out of the cafe. That does not, however, excuse the vicious assault on the plaintiff. The plaintiff has clearly proved that the defendant should be held liable for his injuries.
The medical and dental bills were $3,393.94. His lost wages were $356.00. Thus his total economic damages were $3,739.94. However, the amount of $3,393.94 has been paid by the plaintiff's insurance. The court therefore finds that the plaintiff is entitled to $356.00 for his economic damages and $15,000.00 for his non-economic damages, or pain and CT Page 4251 suffering.
Accordingly, judgment may enter for the plaintiff against defendant Gene Lavigne as follows:
 Economic damages — $ 356.00 Non-economic damages — 15,000.00 --------- Total damages $15,356.00
Since no evidence was presented in regard to defendant Bonnie Poudrier, the case is dismissed as to her.
Allen, State Trial Referee